People v Dieudonne (2024 NY Slip Op 50877(U))

[*1]

People v Dieudonne

2024 NY Slip Op 50877(U)

Decided on July 11, 2024

Criminal Court Of The City Of New York, Kings County

Glick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 11, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Miguel Dieudonne, Defendant.

Docket No. CR-041476-23KN

Prosecution: Kings County District Attorney's Office by ADA Tiffany Sabal
Defendant: The Legal Aid Society by Leeanne McIntyre, Esq.

Joshua Glick, J.

Defendant moves for an order of dismissal on speedy trial grounds alleging that omissions in the Prosecution's automatic discovery render their Certificate of Compliance (COC) and Statement of Readiness (SOR) illusory.
The Prosecution opposes.
For the reasons explained more fully herein, Defendant's motion is DENIED.
 BACKGROUND AND PRIOR PROCEEDINGS
Defendant was arraigned on a felony complaint charging PL §120.05(12), Assault in the Second Degree, PL §120.00(1), Assault in the Third Degree, and related charges on November 12, 2023. On December 13, 2023, the case was called in Part AP1F, and all felony charges were dismissed; the Prosecution also served and filed a Superseding Information (SSI). On March 12, 2024, the Prosecution served and filed a COC and SOR. On April 25, 2024, the case was called in Part DV1, and the Court set a motion schedule.
Defendant argues that the Prosecution's failure to disclose the following items of discovery prior to filing the COC renders it invalid: several DD5 attachments, including some which were provided but heavily redacted; arraignment card; ICAD event inquiry; command log; roll call logs; pre-arraignment notification form; vouchers and chain of custody documentation; prisoner holding pen roster; interrupted patrol log; NYPD online prisoner arraignment database; completed activity logs for Officers Minor, Sosa, Cheung, Raul, and Ortega, as those provided indicate they were "in progress"; finalized aided report, as the one provided had not yet been approved; finalized medical treatment of prisoner form, as the one provided had not yet been approved; pre-hospital care report; name and contact information for the EMT/EMS FDNY officials who treated and transported Defendant, as only a last name was provided with nothing more; information about the Prosecution's victim assistance services offered or provided; body-worn camera (BWC) audit trails for Officers Minor, Hale, Sosa, Gambino, Cheung, Raul, and [*2]Ortega; VSA superform; and updated Civilian Complaint Review Board (CCRB) disclosures for Officers Sosa and Minor, as the ones provided are from March 2022 and October 2020, respectively.
The Prosecution argues that their COC was filed in good faith after exercising due diligence and is thus valid under CPL §245.50. They assert that the DD5 attachments Defendant seeks were provided, but were mistakenly listed twice on the disclosures list, giving the impression of additional items. They argue their redactions to documents were proper, as they cover personal identifying information such as the complainant's address. They assert that they provided the ICAD event inquiry and the VSA superform with the arrest paperwork. They argue the arraignment card is not subject to automatic discovery, as it does not contain any information not already available to the defense. They argue that the following items either do not exist or are not subject to automatic discovery, as they are unrelated to the subject matter of the case: command log, roll call logs, pre-arraignment notification report, prisoner holding pen roster, interrupted patrol log, and NYPD online prisoner arraignment database. The Prosecution states that neither vouchers and chain of custody paperwork, nor victims' assistance service paperwork exist in this case. They argue they disclosed all information related to the subject matter of the case in the activity logs, aided reports, and medical treatment of prisoner report already, and the finalized versions do not contain any additional information. They argue the pre-hospital care reports for Defendant and contact information for FDNY officials who cared for him are not in their possession and they are not obligated to provide them, as Defendant can subpoena them. The Prosecution states that the CCRB disclosures they provided were indeed up to date, despite the printed dates on the letters. Finally, they argue that audit trails are not subject to automatic discovery, as they have already disclosed all discoverable information contained therein.

RELEVANT LAW
Pursuant to the automatic discovery provisions of CPL §245.20(1), the prosecution is required to disclose to the defendant, without motion, a list of enumerated items. Disclosure under this section is limited to "all items and information that relate to the subject matter of the case and are in possession, custody or control of the prosecution or persons under the prosecution's direction and control" (CPL §245.20[1]).
Once such disclosure is made, the prosecution must certify compliance with these discovery obligations by the service and filing of a COC (CPL §245.50[1]). The statute further provides that "[n]o adverse consequences to the prosecution shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in 245.80 of this Article" (Id.).
Pursuant to CPL §30.30(7)(c), where a defendant is charged with a felony complaint that is later reduced to a misdemeanor complaint, the prosecution must declare trial readiness within ninety days from the date the misdemeanor complaint is filed, so long as the aggregate period has not exceeded six months. To properly announce trial readiness, the prosecution must certify in good faith compliance with their discovery obligations pursuant to CPL §245.20 (CPL §30.30[5]). "Absent an individualized finding of special circumstances in the instant case by the court before which the charge is pending, the prosecution shall not be deemed ready for trial until it has filed a proper certificate [of compliance]" (CPL §245.50[3]). A defendant seeking dismissal pursuant to CPL §30.30 meets their initial burden by alleging that the prosecution has failed to declare readiness within the statutorily prescribed period (People v Beasley, 16 NY3d [*3]289, 292 [2011]).
Once the defendant has shown that there is more than ninety days of delay, the burden of proving the existence of excludable periods falls upon the prosecution (People v Berkowitz, 50 NY2d 333, 349 [1980]). The prosecution must demonstrate that the disputed adjournments are excludable by reference to a statutory provision (People v. Luperon, 85 NY2d 71, 77-78 [1995]; People v. Cortes, 80 NY2d 201 [1992]; People v. Santos, 68 NY2d 859 [1986]; Berkowitz, 50 NY2d at 348-350). The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged (Cortes, 80 NY2d at 215-216; People v Liotta, 79 NY2d 841 [1992]; Berkowitz). 

 ANALYSIS
As a preliminary matter, the Court credits the Prosecution's assertions that they already provided the following items of discovery: several DD5 attachments [FN1]
, ICAD event inquiry, and VSA superform. The Court also credits the Prosecution's assertion that neither vouchers and chain of custody records, nor paperwork related to victims' assistance services exist. Accordingly, they have fulfilled their discovery obligations for these documents.
Redacted DD5 Attachments
Attachments to DD5s generated during an investigation are subject to automatic discovery (CPL §245.20[1][e]). CPL §245.20(5) permits a party to withhold portions of a document that would otherwise be discoverable if, in his or her judgment, good cause exists for doing so. The Prosecution does not dispute the discoverability of the redacted DD5 attachments; rather, they argue their redactions were proper because the information withheld was that to which Defendant has no right, such as the complainant's address. In general, the Court agrees with the Prosecution that disclosure of personal identifying information is not required, unless it is a material issue. However, the Court notes that the Prosecution has stopped short of saying the only information they redacted was the complainant's personal identifying information. On the contrary, Defendant's argument suggests that it was not: Defendant states that of seventeen total pages, only three or four are unredacted. The Court cautions the Prosecution against unilaterally withholding more than is appropriate; if the Prosecution wishes to withhold additional information, they must first seek a protective order (CPL §245.70). The Prosecution is ordered to disclose the attachments without redactions beyond personal identifying information within fifteen days (CPL §245.20[1][e]). However, because the explanation the Prosecution offers for their redactions — protecting the complainant's personal information — is reasonable and made in good faith, it does not affect the validity of the COC (CPL §245.50[1]; People v Bay, 41 NY2d 200 [2023]).
Names and Contact Information for FDNY EMS/EMT
CPL §245.20(1)(c) requires the prosecution to disclose names and adequate contact information for all civilians who have information about the case, and a designation as to whom they intend to call as a witness. Although it is true that FDNY materials are not statutorily in the Prosecution's possession, this alone does not discharge the Prosecution's discovery obligations (CPL §245.20[2]). If the FDNY acts at the behest of law enforcement, their records are subject to automatic discovery (People v Rahman, 79 Misc 3d 129[A] [2023]). Although it is not immediately clear from the parties' moving papers if NYPD directed FDNY to treat and [*4]transport Defendant or if the treatment required was related to this case, the ambiguity demands disclosure (CPL §245.20[7]). The Prosecution is ordered to ascertain and disclose the names and contact information of the FDNY medical personnel within thirty days, as they may have information related to the case and may have acted under the direction of NYPD (CPL §245.20[1][c]). However, the information presented is too vague to affect the validity of the COC.
Audit Trails
Although no appellate authority yet exists clarifying whether BWC audit trails are subject to automatic discovery, the Court is informed by the fact-finding hearing conducted in Queens County in the case of People v Ballard (82 Misc 3d 403 [2023]). At the hearing, Allison Arenson, Executive Agency Counsel and Director of the New York City Police Department (NYPD) BWC Unit Legal Bureau testified extensively about the nature, classification, and maintenance of BWC audit trails, according to established NYPD procedure. Ms. Arenson pointed to the NYPD Patrol Guide Section 212-213, which dictates procedures for using BWC, including when officers must activate them, when and how officers upload footage, how officers tag and categorize footage from a drop-down menu according to what is depicted, how officers can add their own freeform description and notes, and how officers share this information with prosecutors. Specifically, Ms. Arenson discussed how two categories of audit trails, "device" and "evidence" require input from officers.
CPL §245.20(1) requires that the prosecution disclose all information in their possession, custody, or control that is related to the subject matter of the case. The audit trails are statutorily in the Prosecution's possession (CPL §245.20[2]). Ms. Arenson's testimony makes abundantly clear that BWC audit trails meet this definition, as they contain information about the BWC created during this case (People v Ballard, 82 Misc 3d 403 [2023]). Conversely, if an officer fails to create audit trails, evidence thereof constitutes impeachment material, as it would represent a departure from NYPD Patrol Guide directives (Ballard, 82 Misc 3d 403). CPL §245.20(1)(k)(iv) requires disclosure of impeachment materials for testifying prosecution witnesses. Whether by virtue of their existence or their absence, the Court finds that "device" and "evidence" BWC audit trails are subject to automatic discovery (CPL §245.20[1]; Ballard, 82 Misc 3d 403; People v Lyte, 2024 NY Slip Op. 50655[U]). However, given that this an evolving area of understanding and no conclusive appellate authority exists, the Prosecution's statutory interpretation to the contrary was reasonable. They are ordered to disclose the audit trails within fifteen days (CPL §245.20[1]).
Finalized Activity Logs, Aided Report, and Medical Treatment of Prisoner Form
The activity logs, aided report, and medical treatment of a prisoner form are subject to automatic discovery under CPL §245.20(1)(e). The Court credits the Prosecution's statement that the finalized versions of these documents are substantively the same as those already disclosed. However, Defendant suggests there may be additional discoverable material contained in the finalized versions and CPL §245.20(7) mandates a presumption of openness. As such, the Prosecution is ordered to disclosed finalized versions within fifteen days (CPL §245.20[1][e]).
Arraignment Card, Command Log, Roll Call Logs, Pre-Arraignment Notification Report, Prisoner Holding Pen Roster, Interrupted Patrol Log, and NYPD Online Prisoner Arraignment Database
Neither Defendant nor the Prosecution make any argument about the discoverability of the arraignment card based on the substance of the document, although the Prosecution argues it [*5]is not discoverable because Defendant already has all the information contained therein. While this may be true, it does not bear on the document's discoverability (CPL §245.20[1][e]). Similarly, neither Defendant nor the Prosecution offer any argument as to the discoverability of the command log, roll call logs, pre-arraignment notification report, prisoner holding pen roster, interrupted patrol log, or NYPD online prisoner arraignment database. They merely assert opposing conclusions. In the absence of any facts or arguments, the Court has but to fall back upon CPL §245.20(7)'s presumption of openness and order the Prosecution to disclose any of the listed documents that exist within fifteen days (CPL §245.20[1][e]). However, this disclosure-by-default does not bear on the validity of the COC.
CCRB Disclosures
The Prosecution is obliged to ascertain the existence of and disclose impeachment materials, even those not in their custody or control, such as CCRB allegation histories and documentation (CPL §§ 245.20[1][k][iv], [2]; People v Hamizane, 80 Misc 3d 7, 11 [2023]). The Court credits the Prosecution's attestation that the CCRB disclosures they provided are the most up to date in their possession. However, in the spirit of CPL §245.20(7)'s presumption of openness, the Court orders the Prosecution to ascertain whether updated CCRB allegation histories indeed exist, and if they do, to disclose them to Defendant within thirty days (CPL §245.20[1][k][iv]).
Speedy Trial
This case commenced with the filing of a felony complaint on November 12, 2023. When the misdemeanor information was filed on December 13, 2023, the speedy trial clock reset to ninety allowable days. The Prosecution filed their COC and SOR in good faith on March 12, 2024. The Prosecution is charged ninety days.

 CONCLUSION
Because the Prosecution has not exceeded their ninety-day speedy trial limitation, Defendant's motion to dismiss is denied (CPL §30.30[1][b]).
The constitutes the decision and order of the Court.
Dated: July 11, 2024
Hon. Joshua Glick 
Judge, Criminal Court

Footnotes

Footnote 1:The documents containing disputed redactions are addressed separately.